**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANKLIN GLEASON,

    Plaintiff,

  v.                                                                      No. CIV 10-0825 BB/RLP

TRACY GLEASON STOCKTON,
CITIZENS BANK,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se,[1] and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

---

[1] The Court notes that the complaint is executed by Plaintiff as "Petitioner" and by another inmate as "Attorney," and that it is verified by the "Attorney" inmate.

prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims for relief and names Plaintiff's daughter (Stockton) and a bank in Bloomfield, New Mexico, as Defendants. Plaintiff alleges that he was wrongly incarcerated because Defendant Stockton lied to his probation officer. Stockton then began forging Plaintiff's signature on Social Security checks and depositing the proceeds in her own account at Citizens Bank. Plaintiff has remained incarcerated for several months without legal process. He asserts claims of illegal search and seizure, double jeopardy, malicious prosecution, and "unfair practices on representation." For relief, the complaint seeks damages and dismissal of state criminal charges against Plaintiff.

No relief is available in this § 1983 action on Plaintiff's claims for dismissal of criminal charges. "Challenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statutes." *Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Alternatively, Plaintiff's request for dismissal is barred by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623

(1977). By the express terms of §2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Plaintiff does not specifically request a stay of proceeding, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). The Court will dismiss without prejudice Plaintiff's claims for dismissal of the state criminal charges against him.

Nor is relief available on Plaintiff's § 1983 claims against Defendants Stockton and Citizens Bank. A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); *and see Mehdipour v. Matthews*, No. 10-6073, 2010 WL 2748802, at *3 n.3 (10th Cir. July 13, 2010).

Here, the complaint contains no factual allegation (other than a conclusory checkmark) that Defendant Stockton or Defendant Citizens Bank acted under color of state law. The Court will dismiss Plaintiff's claims against Defendants with prejudice. *See Mehdipour*, 2010 WL 2748802,

3

at *3 n.3); *and cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007); *Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice precludes adjudication of claim in state court).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims for dismissal of state criminal charges against him are DISMISSED without prejudice to his right to pursue relief in state court or under the habeas corpus statutes; otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

*(signature: Bruce D. Black)*
UNITED STATES DISTRICT JUDGE